**Dated: January 11, 2019**
**The following is SO ORDERED:**


**David S. Kennedy**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

```
                    UNITED STATES BANKRUPTCY COURT
                    WESTERN DISTRICT OF TENNESSEE


In Re:                                              Chapter 13

RAYMOND H SLAVINGS & KAREN E SLAVINGS

Debtor(s)                                           Case No. 18-28383-K
```

Order Confirming Plan Combined With Related Orders

---

   It appearing to the Court that the debtor(s) has (or have) filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from statements of the Chapter 13 Trustee, and the entire record herein, that the plan as finalized complies with 11 U.S.C. §1325(a) and other applicable provisions of the Bankruptcy Code; and that the plan should be confirmed;

   IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor(s) pay into the plan as follows:

```
    Debtor One Direct    RAYMOND H SLAVINGS              $707.00 SEMI-MONTHLY
```

   If this is different from the originally proposed plan amount, then the Chapter 13 Trustee is authorized to submit a separate order changing payment. Furthermore, the debtor(s)' future earnings shall remain property of the estate and under the exclusive control of this Court pursuant to 28 U.S.C. §1334(e) and 157(a). In the event of a case dismissal, funds held by the Chapter 13 Trustee shall be paid to creditors in accordance with the terms of the plan unless otherwise ordered by the Court.

3. All property shall remain property of the chapter 13 estate under 11 U.S.C. §541(a) and 1306(a) and shall revest in the Debtor(s) only upon discharge pursuant to §1328(a), conversion of the case, or specific order of the Court which states otherwise. The debtor(s) shall remain in possession of and in control of all property of the estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,521.00. The attorney has received $279.00 to be retained.

5. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the bar date for the filing of claims; separate order to be entered thereon.

6. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) with Court authorization any real property during the pendency of this case or such property is abandoned, the real property will no longer be property of the estate; the automatic stay shall terminate regarding the interests of affected real property taxing authorities, and the Chapter 13 plan may be modified accordingly.

7. The balances of any student loans shall survive discharge if the plan indicates same.

CC: George W. Stevenson

JIMMY MCELROY, ATTY
3780 S MENDENHALL, #202
MEMPHIS, TN 38115

/s/ George W. Stevenson
Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In re:   RAYMOND H SLAVINGS                                  Case No.18-28383-K
         KAREN E SLAVINGS
Debtor(s).                                                   Chapter 13

## CHAPTER 13 PLAN

ADDRESS:   380 KIMBROUGH                    380 KIMBROUGH
           ATOKA, TN 38004-0000             ATOKA, TN 38004-0000

PLAN PAYMENT:
Debtor 1   RAYMOND H SLAVINGS              Direct        $707.00   SEMI-MONTHLY

1. THIS PLAN [3015.1 Notice]:

    (A) CONTAINS NOT STANDARD PROVISION(S). (See Plan Provision #19)           YES
    (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF           YES
        THE COLLATERAL FOR THE CLAIM. (See Plan Provisions #7, #8)
    (C) AVOIDS A SECURITY INTEREST OR LIEN. (See Plan Provision 12)            YES

2. ADMINISTRATIVE EXPENSES: PAY FILING FEE AND DEBTOR(S)' ATTORNEY FEE PURSUANT TO CONFIRMATION ORDER.

3. AUTO INSURANCE: Not included in Plan.

   2008 FORD F250 KING RANCH         Plan Insurance Is Suspended         $0.00
   2013 HONDA ACCORD                 Plan Insurance Is Suspended         $0.00
   2011 FORD MUSTANG                 Plan Insurance Is Suspended         $0.00

                                     Sch/Clm     Value      Interest   Mthly Pymt

4. DOMESTIC SUPPORT:

5. PRIORITY CLAIMS:

6. HOME MORTGAGE CLAIMS:
   RUSHMORE LOAN MANAGMENT SERVICES                          0.00%       $0.00
                                                   0.00      0.00%       $0.00

   [Current/Paid Outside Plan]

7. SECURED CLAIMS [Retain lien 11 U.S.C. 1325 (a)(5)]:
   AMERICAN HONDA FINANCE            10,588.14  $10,588.14   5.69%      $204.00
   ORION FEDERAL CREDIT UNION         9,000.00   $9,000.00   6.25%      $180.00
   WELLS FARGO BANK NA                  500.00     $500.00   0.00%       $10.00

8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITH ONE YEAR OF FILING:
   SUNTRUST BANK SUPPORT SERVICES     9,538.81  $10,355.00   6.25%      $210.00

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:
   SHEFFIELD FINANCIAL                          2015 CAN AM OUTLANDER

10. SPECIAL CLASS UNSECURED CLAIMS:

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):
    FIDELITY NATIONAL LOANS

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

    | Creditor | Amount |
    |---|---|
    | SHEFFIELD FINANCIAL | $7,211.15 |
    | RUBY FUNDING | $0.00 |
    | SOUTHEASTERN EMERGENCY PHYSICIANS | $174.68 |
    | ALLIANCE RX WALGREENS | $200.00 |
    | SOUTHEASTERN EMERGENCY PHYSICIANS | $146.91 |
    | PORTFOLIO RECOVERY ASSOCIATES | $2,594.09 |
    | CAMPBELL CLINIC | $200.00 |
    | PORTFOLIO RECOVERY ASSOCIATES | $1,179.38 |
    | PORTFOLIO RECOVERY ASSOCIATES | $1,118.36 |
    | CARE CREDIT | $2,307.00 |
    | CONSOLIDATED RECOVERY SYSTEMS | $170.66 |
    | CONSOLIDATED RECOVERY SYSTEMS | $2,063.42 |
    | E N T GROUP INC | $347.00 |
    | HRRG | $175.00 |
    | HRRG | $146.00 |
    | IQUANTIFIED MANAGEMENT SERVICES | $255.00 |
    | REVENUE ASSURANCE PROFESSIONALS LL | $1,990.98 |
    | MIDLAND CREDIT MANAGMENT INC | $547.54 |
    | MIDLAND CREDIT MANAGMENT INC | $3,162.76 |
    | MEDICAL FINANCIAL SERVICES INC | $1,352.00 |
    | MEMPHIS ELECTRO PHYSICIANS | $45.00 |
    | METHODIST HEALTHCARE | $96.00 |
    | MIDSOUTH IMAGING | $37.00 |
    | MIDSOUTH IMAGING | $29.00 |
    | MIDSOUTH IMAGING AND THERAPUTICS | $29.00 |
    | ORION FEDERAL CREDIT UNION | $8,000.00 |
    | QUANTUM3 GROUP LLC | $4,144.42 |
    | QUANTUM3 GROUP LLC | $2,471.28 |
    | REPUBLIC FINANCE LLC | $6,112.12 |
    | SFC CENTRAL BANKRUPTCY & RECOVERY | $520.00 |
    | SEMMES MURPHEY | $1,271.69 |
    | UROLOGY GROUP PC | $500.00 |
    | MIDLAND CREDIT MANAGMENT INC | $4,908.12 |
    | THE WEST CLINIC PC | $23.00 |
    | CAMPBELLS CLINIC | $100.00 |
    | QUANTUM3 GROUP LLC | $294.44 |
    | [Add] | |
    | RUSHMORE LOAN MANAGMENT SERVICES | $1,343.21 |
    | [Add] | |
    | ORION FEDERAL CREDIT UNION | $9,348.73 |
    | FIDELITY NATIONAL LOANS | $135.23 |
    | WELLS FARGO BANK NA | $1,409.54 |

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: 47,067.36

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS: THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:
    RUBY FUNDING                                                     Assumes

17. COMPLETION: PLAN SHALL BE COMPLETED UPON PAYMENT OF THE ABOVE, APPROXIMATELY 60 MONTHS.
18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.
19. NON-STANDARD PROVISION(S):

    SUNTRUST BANK SUPPORT SERVICES

    ANY NON STANDARD PROVISION STATED ELSEWHERE IS VOID
20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.